LUITZE, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 13, 1930—March 10, 1931.*

L. E. *Vaudreuil* of Kenosha, for the plaintiff in error.

For the defendant in error there was a brief by *John P. McEvoy,* assistant district attorney of Kenosha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attor-

ney general, and oral argument by *Mr. McEvoy* and *Mr. Messerschmidt.*

The following opinion was filed January 13, 1931:

NELSON, J. It is undisputed that at the time of the commission of the offense Alfred Schulz was armed with a revolver which was empty or unloaded. These facts were affirmatively proven by the State.

It is also undisputed that the unloaded revolver was pointed at Niewrendowski by Schulz with the desired result that Niewrendowski was completely put in fear so that he obeyed the commands of Schulz and Pontello to open his safe and turn over to them such of his property as they desired, to walk into the back room, and to submit without resistance to having his hands bound with rope. No attempt, however, was made to strike Niewrendowski with the revolver or to use it as a bludgeon.

Upon these undisputed facts defendant contends that he was wrongfully convicted and sentenced, that this sentence should be set aside, and that he should be discharged.

Defendant's contentions are based upon the established law of this State that an empty or unloaded revolver merely pointed at a person and not used to strike with is not a dangerous weapon no matter how much the person at whom it is pointed may be put in fear. *Lipscomb v. State,* 130 Wis. 238, 109 N. W. 986; *Schiner v. State,* 178 Wis. 83, 189 N. W. 261; *Mularkey v. State,* 201 Wis. 429, 230 N. W. 76.

We are urged by the State to overrule or modify the doctrine of these cases and to hold that an empty or unloaded revolver, if of sufficient size and weight to be used as a bludgeon, whether or not actually so used, is in fact a dangerous weapon. While there is authority to support the State's contention that an unloaded revolver is a dan-

gerous weapon because it may be used as a bludgeon (*People v. Egan,* 77 Cal. App. 284, 247 Pac. 337; *People v. Shaffer,* 81 Cal. App. 752, 254 Pac. 666; *People v. Freeman,* 86 Cal. App. 374, 260 Pac. 826), it is not in harmony with our own decisions or with what seems to us to be the great weight of authority. The fact that *Lipscomb v. State, supra,* was decided in 1906 and that succeeding legislatures have not seen fit to change the statute as so construed, leads us to the conclusion that the doctrine of the *Lipscomb Case* and subsequent cases must be considered the settled law of this State until changed by the legislature.

Due to the fact that in these times robberies often occur and that they are quite generally accomplished by using shotguns, revolvers, and automatics, we suggest to the legislature for its consideration the advisability of enacting a statute relating to robberies or attempted robberies committed by offenders while armed with shotguns, revolvers, or automatics, whether loaded or unloaded, and providing such a range of penalty as it may in its wisdom deem just.

We are constrained to hold that since Schulz was not armed with a dangerous weapon as defined by the decisions of this court, it was error to sentence the defendant to an indeterminate term of twenty to thirty years pursuant to the provisions of sec. 340.40, Stats.

But it does not follow that the defendant should be discharged. The information herein, omitting the formal parts, is as follows:

"Jasper Luitze did aid and abet one Alfred Schulz and Finny Pontello in the commission of a felony, to wit, the wilful and felonious assault and robbing and stealing of the monies and property of one J. G. Niewrendowski, the said Alfred Schulz being then and there armed with a dangerous weapon, to wit, a revolver, with the intent of the monies and property of the said J. G. Niewrendowski to rob, steal, take, and carry away, by counseling or otherwise procuring such felony to be committed."

The verdict of the jury found the defendant guilty of the crime charged.

Two questions arise which must be answered in order that this action may be disposed of: (1) Was the defendant found guilty of an offense for which he might have been properly sentenced? (2) May the erroneous sentence be set aside and the defendant again brought before the court for proper sentence?

The answer to the first question is not difficult to make. Had the information charged that Schulz was armed with a dangerous weapon, to wit, a *loaded* revolver, we would have before us a somewhat different situation, but the information simply charged that Schulz was armed with a dangerous weapon, to wit, a revolver. Under our decisions an unloaded revolver is not a dangerous weapon. The information clearly does not charge that Schulz was armed with a loaded revolver. It does not therefore charge that he was armed with a dangerous weapon. The language "being armed with a dangerous weapon, to wit, a revolver," may therefore be treated as mere surplusage since it does not and is not sufficient to charge a crime under sec. 340.40 of our Statutes. Eliminating from the information the language just quoted, we have an information substantially charging an offense under sec. 340.43 of the Statutes.

We therefore conclude that the verdict of the jury which found the defendant "guilty of the offense charged" was in fact a finding that the defendant was guilty of aiding and abetting an offense under sec. 340.43 of the Statutes and that the defendant should have been sentenced accordingly. Had the trial court found, as it should have done under the established law of this State, that an empty or unloaded revolver is not a dangerous weapon and that the language of the information "armed with a dangerous weapon, to wit, a revolver," was not sufficient to charge a crime under sec.

340.40, it would no doubt properly have sentenced the defendant under sec. 340.43.

The second question is whether the erroneous sentence may be set aside and the defendant again brought before the court for proper sentence under sec. 340.43. It is generally held that a judgment sentencing a person to imprisonment for a longer term than the statute warrants is merely erroneous and not void. 16 Corp. Jur. p. 1312, § 3093. As was said by our own court in *In re Graham,* 74 Wis. 450, 43 N. W. 148, in speaking of a sentence having a longer term than was warranted by the particular statutes involved (p. 451), "The judgments are doubtless erroneous, and would be reversed on writ of error. *Fitzgerald v. State,* 4 Wis. 395; *Haney v. State,* 5 Wis. 529; *Benedict v. State,* 12 Wis. 313; *Peglow v. State,* 12 Wis. 534. But the judgments are not void. *State ex rel. Welch v. Sloan,* 65 Wis. 647, 27 N. W. 616. The court had jurisdiction of the persons and subject matter or offense, but made a mistake in the judgment."

This identical question has been before the courts of this country many times and the vast majority of the cases holds that errors of this kind may be corrected by the trial court without a new trial. As was said in *In re Bonner,* 151 U. S. 242, 260, 14 Sup. Ct. 323:

"But in a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be whilst relieved from any excess committed by the court of which he complains. In such case the original court would only set aside what it had no authority to do and substitute directions required by the law to be done upon the conviction of the offender.

"Some of the state courts have expressed themselves strongly in favor of the adoption of this course, where the defects complained of consist only in the judgment—in its extent or mode, or place of punishment,—the conviction being in all respects regular. In *Beale v. Comm.* 25 Pa. St.

11, 22, the supreme court of Pennsylvania said: 'The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. If this court sanctioned such a rule, it would fail to perform the chief duty for which it was established.' "

In *U. S. v. Pridgeon,* 153 U. S. 48, 62, 14 Sup. Ct. 746, the United States supreme court, in dealing with a similar question, said:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence. Many well-considered authorities, in England as well as in this country, hold that 'where there is jurisdiction of the person and of the offense, the excess in the sentence of the court beyond the provisions of law is only voidable in proceeding upon a writ of error. *Ex parte Lange,* 18 Wall. 163; *Sennott's Case,* 146 Mass. 489, 493, 16 N. E. 448; *People ex rel. Devoe v. Kelly,* 97 N. Y. 212; *People ex rel. Tweed v. Liscomb,* 60 N. Y. 559; *People ex rel. Woolf v. Jacobs,* 66 N. Y. 8; *Ex parte Shaw,* 7 Ohio St. 81; *Ex parte Van Hagan,* 25 Ohio St. 426; *In re Graham,* 74 Wis. 450, 43 N. W. 148; *Elsner v. Shirgley,* 80 Iowa, 30, 45 N. W. 393; *Ex parte Max,* 44 Cal. 579."

In *Sennott's Case,* 146 Mass. 489, 492, 16 N. E. 448, after stating a diversity of opinion among different courts, it was said:

"The better rule seems to be, that where a court has jurisdiction of the person and of the offense, the imposition by

mistake of a sentence in excess of what the law permits is within the jurisdiction, and does not render the sentence void, but only voidable by proceedings upon a writ of error." (Citing many cases.)

It is our opinion that the erroneous sentence imposed upon the defendant may be set aside, and the defendant can be brought before the court for proper sentence under sec. 340.43 of the Statutes.

For the reasons stated and to permit the defendant to receive a proper sentence, the judgment and sentence herein must be vacated and set aside.

*By the Court.*—The judgment and sentence of the municipal court of Kenosha county is hereby vacated and set aside. The warden of the Wisconsin state prison is directed and ordered to remand the custody of the defendant Jasper Luitze to the sheriff of Kenosha county pending the further judgment and sentence of the municipal court of Kenosha county in accordance with this opinion.

A motion for a rehearing was denied, without costs, on March 10, 1931.