**Clarence Anthony DICKENSON, Petitioner,**

v.

**Thomas R. ISRAEL et al., Respondents.**

**Civ. A. No. 77–C–568.**

United States District Court, E. D. Wisconsin.

Jan. 25, 1980.

Daniel W. Linehan, Madison, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen. of Wisconsin, and Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner is in custody at the Winnebago State Camp at Winnebago, Wisconsin. While petitioner raised twelve separate issues in his original petition, he has chosen to brief and argue only two of those issues. Both involve the operation and effect of the double jeopardy clause of the fifth amendment to the United States Constitution.

On January 28, 1975, petitioner was convicted of armed robbery in violation of § 943.32(1)(a) and (b) of the Wisconsin Statutes. The robbery took place at a McDonald's restaurant in the City of Milwaukee. Petitioner entered the restaurant and demanded money from the cashier on duty. She hesitated and he lifted his shirt and said, "Do you know what this is?" In the waistband of his trousers was a black object which the cashier took to be the butt of a gun. She looked around the room to see if anyone was watching, and he said, "It's not worth it baby." Feeling fear for her personal safety, she removed the cash drawer and placed it in front of petitioner. He removed the money from the drawer and left the restaurant. A customer noted his license plate and he was arrested the following day.

At petitioner's trial, he was positively identified as the man who committed the robbery. The cashier, however, could not positively identify the object in petitioner's waistband as a gun. None of the other witnesses were able to testify that petitioner was armed. The jury was instructed on the elements of armed robbery and the lesser-included charge of robbery. Petitioner was convicted on the greater charge and was sentenced to 25 years' imprisonment.

On appeal, the Wisconsin Supreme Court held that there was insufficient evidence to support the jury's determination that petitioner was armed at the time of the robbery. It was not enough, according to the Court, that the cashier had a subjective fear that her personal safety was in danger,

even though such fear was induced by petitioner's words and actions. Instead, it was necessary for the prosecution to prove beyond a reasonable doubt that petitioner was in fact carrying a gun. Since the cashier could not positively identify the object in petitioner's waistband as a gun, and since there was no other evidence that petitioner was armed, the jury was precluded from finding petitioner guilty of armed robbery.

The Court did find that the prosecution had proved every element of the lesser-included offense of robbery. This being the case, the Court reversed petitioner's conviction for armed robbery and remanded the ·case to the trial court with directions to enter a judgment of conviction for robbery and to resentence him on the lesser charge. On remand, the new judgment of conviction was entered and petitioner's sentence was reduced to nine years.

Petitioner's allegations of constitutional error center around the remedial action taken by the Wisconsin Supreme Court following the reversal of his conviction for armed robbery. Petitioner claims that he was unconstitutionally placed in double jeopardy when the Wisconsin high court ordered that a judgment of conviction for robbery be entered against him. Petitioner also argues that he unconstitutionally received a harsher sentence on remand than he received following his trial.

■ The State first argues that petitioner has failed to exhaust his state remedies with respect to the above issues. While the State has a valid point as to the sentencing issue, there is no merit to its argument as it applies to petitioner's first issue. The Wisconsin Supreme Court explicitly considered its authority to order the entry of judgment on the lesser charge and concluded that such authority existed. Although the Court did not specifically address petitioner's constitutional argument, it cannot be assumed that the Court did not consider the constitutional implications of its action. Furthermore, since the order of entry of judgment emanated from the highest court of the state, it is unclear just what remedies the State would have petitioner exhaust. Petitioner has already exhausted his direct appeal from conviction, and any post-conviction motions at the trial level seeking relief from an order of the high court of Wisconsin would, of course, be futile.

■ Petitioner has not exhausted his state remedies with respect to the sentencing issue. The sentence to which petitioner objects was imposed by the trial court and could have been appealed. Nonetheless, considering the long pendency of this petition, the interrelationship of the issues involved, and the fact that petitioner will be released from prison in January of 1980, the Court finds that it would be unjust to send petitioner back through the state court system at this stage of the proceedings. See *Grant v. State of Wisconsin,* 450 F.Supp. 575, 579 (E.D.Wis.1978). Accordingly, petitioner's claims will be considered on the merits.

■ State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense. See, e. g., *United States v. Cobb,* 558 F.2d 486, 489 (8th Cir. 1977); *Austin v. United States,* 127 U.S.App.D.C. 180, 191–192, 382 F.2d 129, 140–142 (D.C.Cir.1967); *Luitze v. State,* 204 Wis. 78, 234 N.W. 382 (1931). The usual situation in which this occurs is when there is insufficient evidence to support one of the elements of an offense. A court may be reluctant to overturn an entire conviction when there is ample evidence to support a lesser-included charge which does not contain the insufficiently proven element. The authority to order the entry of judgment on the lesser-included offense is both statutory, see, e. g., 28 U.S.C. § 2106, and based on the common law. The constitutionality of the practice has never seriously been questioned.

Petitioner argues that the practice must be reexamined in light of the recently decided case of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In *Burks,* the defendant was charged with robbery of a federally insured bank by use of a dangerous weapon. His principle de-

fense was insanity. Although he was convicted in the district court, the Sixth Circuit Court of Appeals held that there was insufficient evidence to support the finding that defendant was sane at the time of the robbery and remanded the case back to the district court for a new trial. The United States Supreme Court granted certiorari in order to resolve the question of whether "a defendant may be tried a second time when a reviewing court has determined that in a prior trial the evidence was insufficient to sustain the verdict of the jury." 437 U.S. at 5, 98 S.Ct. at 2144.

■ The Court began by acknowledging that under its prior cases, an appellate court was free to order whatever remedy was "appropriate" following a reversal for insufficiency of evidence. Thus, an appellate court was free to reverse for evidentiary insufficiency and then to remand the case for a new trial. According to the Court, however, this rule conflicts with a fundamental purpose of the double jeopardy clause of the fifth amendment. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. 437 U.S. at 11, 98 S.Ct. at 2147. Since a reversal for evidentiary insufficiency necessarily means that the prosecution has failed to meet even the minimum standard of proof in the first proceeding, a remand for a new trial has the effect of giving the prosecution " 'the proverbial second bite at the apple.' " 437 U.S. at 17, 98 S.Ct. at 2150. This is prohibited by the fifth amendment, even when the defendant has specifically requested a new trial on appeal. Finding its past holdings inconsistent with this view of the double jeopardy clause, the Court announced a new rule; namely, that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient * * *." 437 U.S. at 18, 98 S.Ct. at 2150. The only remedy open to that court is "the direction of a judgment of acquittal." *Id.*

Petitioner argues that if a reviewing court which reverses a conviction for evidentiary insufficiency may not remand the case for a new trial, *a fortiori* it may not order the entry of a judgment of conviction on another charge without the benefit of a trial at all. There is a significant difference, however, between petitioner's case and the situation presented in *Burks*. In *Burks*, the reviewing court held that there was insufficient evidence to support the determination that the defendant was sane at the time of the robbery. Absent a showing of sanity, the defendant could not be convicted of the crime charged, or of any other crime arising from the same occurrence. Put another way, if the trial court had correctly ruled in the first place that the jury did not have enough evidence to find the defendant sane at the time of the robbery, it would have had no choice but to enter a directed verdict of acquittal in favor of the defendant. In fact, of course, the trial court did not make the correct ruling which is why the court of appeals reversed the decision. The Supreme Court's holding merely put the defendant in the position he would have been in absent the trial court's error. "To hold otherwise would create a purely arbitrary distinction between those in petitioner's position and others who would enjoy the benefit of a correct decision by the District Court." 437 U.S. at 11, 98 S.Ct. at 2147.

■ In petitioner's case, however, if the trial court had been correct in the first instance and ruled that there was insufficient evidence for the jury to find that petitioner was armed at the time of the robbery, there would have been no directed verdict of acquittal. Instead, the jury would have been instructed only on the charge of simple robbery. As indicated by its verdict on the actual charge of armed robbery, the jury found the existence of every element of the lesser-included offense as well. Accordingly, when the Wisconsin Supreme Court corrected the trial court's error and ordered that judgment be entered on the robbery charge, it placed petitioner in precisely the same position that he would have been in had the error never occurred. *Burks* does not require more than that.

Petitioner's second claim is more easily resolved. The claim is that he received a harsher sentence following remand to the trial court than he received following his original trial. This, petitioner contends, had the effect of penalizing him for appealing his conviction. Such a result is prohibited by *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The fallacy of this argument is that petitioner's sentence was reduced by 16 years following remand to the trial court. *Pearce*, of course, involved a defendant whose sentence was significantly increased. Petitioner argues that his sentence was proportionately harsher in that he originally received ⅚ths of the 30-year maximum sentence for armed robbery, while on remand he received ⁹⁄₁₀ths of the 10-year maximum sentence for robbery. This may well be true, but it does not change the fact that on remand petitioner's sentence was reduced by almost two-thirds. Petitioner derived great benefit from his appeal, and it cannot be said that he has been penalized for so proceeding.

IT IS THEREFORE ORDERED that the petition of Clarence Anthony Dickenson for a writ of habeas corpus be and hereby is denied.