Second degree burglary; sentence: four years' imprisonment.
The appellant was charged with breaking and entering the Shiloh Butcher Shop "with intent to commit murder or another felony." The evidence shows a breaking and entering, and the only element of the offense in issue on appeal is whether the appellant had the requisite intent to murder or commit a felony when he so entered the shop.
The evidence shows that appellant's wife was working in the butcher shop on December 13, 1979, when the act in question took place. From around 3:00 to 4:00 p.m. the appellant entered the shop three times. He had been drinking and was "under the influence" of alcohol. Each time he told his wife to get her pay check and come home with him, that she was not going to work there anymore. Each time the wife told him to wait another thirty to forty-five minutes until closing time. She also told appellant she was not quitting her job because he was unemployed and she needed the money for their children.
Mr. W.B. Harris, owner of the shop, ordered the appellant to leave on the third such occasion and locked the door behind the appellant when he left. Shortly thereafter the appellant "bumped" or pushed the double doors in such a way that the latch slipped open, and he reentered the shop. The evidence completely negates any intent on the part of the appellant to steal, and the court charged the jury only concerning the intent to commit murder. With appellant's fourth and forceful entry, the evidence varies to some degree.
Appellant's wife, testifying for the State, said she walked
to the bathroom of the shop to get her purse when she saw appellant enter the shop the fourth time. She said he followed her to the bathroom, pushed the door open, and again ordered her to get her purse and leave with him. From the record:
 "He was talking and he told me that he wanted me to quit — wanted me to get my purse and let's go right damn now. . . . [A]nd he caught me around the neck and asked me, said you gone [sic] get your damn purse and let's go. Say, I want you out of here now."
She said the appellant was not choking her. W.B. Harris then came up with a pistol and ordered appellant to leave, but he refused to go, saying "`you give my wife her check and we both will get out . . . `cause I'm not leaving until she go [sic].'" Whereupon Harris shot the appellant in both legs.
Mrs. Doris Harris, wife of the store owner, testified that the appellant entered the store four times on the afternoon in question. On the second entry, she asked him to leave and he complied. On the third entry, her husband put the appellant out and locked the door behind him. The appellant was trying to make his wife leave the shop and go home with him. He was drinking, but Mrs. Harris did not hear him cursing or talking unusually loud. Upon the fourth entry by the appellant, which was forceful, Mrs. Harris saw the appellant's wife run to the bathroom and saw appellant run after her. She did not overhear the conversation *Page 188 
between the two and did not see any "tussling or fighting" between them.
Harris testified that he was in the rear of the shop when he was told the appellant had reentered the store. He saw the appellant's wife enter the bathroom and try to close the door, but the appellant shoved it open and also entered. Harris did not hear what was said between the couple in the bathroom, and his only description of how the appellant was holding his wife was that "he had his arm on her neck like this." Harris arrived with a pistol and confronted appellant who, according to Harris, advanced on him. Harris then shot the appellant twice in the legs, ending the fracas.
At the end of the State's case in chief, counsel for appellant moved to exclude the State's evidence for, among other grounds, failure to prove the necessary felonious intent. The trial court overruled the motion.
Section 13-2-41, Code of Ala. 1975, the second degree burglary statute, makes it a felony punishable from one to ten years' imprisonment for "any person who, in the daytime, with intent to steal or to commit a felony, breaks into and enters . . . any shop, store, warehouse or other building . . . in which any goods, wares, merchandise or other valuable thing is kept for use, sale or deposit. . . ."
That statute, having no antecedent at common law "must be strictly construed within the words used." Cartwright v. State,54 Ala. App. 538, 310 So.2d 258 (1975). All criminal statutes are strictly construed in favor of persons sought to be subjected to their operation, Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238
(1956), and such statutes reach no further in their operation or meaning than their words. Fuller v. State, 257 Ala. 502,60 So.2d 202 (1952).
Testing the appellant's motion to exclude by only the evidence before the court at the time the motion was made perKent v. State, Ala.Cr.App., 367 So.2d 508, cert. denied, Ala.,367 So.2d 518 (1978), we find the following:
1. The testimony of each witness completely negates an intent to steal on the part of the appellant. Neither did the State contend at trial nor on appeal that appellant ever intended to steal anything upon entering the shop.
2. The testimony of each witness shows the appellant was trying to get his wife to leave the shop during his several visits that afternoon.
3. After appellant entered the bathroom with his wife, he had his arm around her neck in a manner not specified in the record. She testified he was trying to force her to leave with him and to quit her job. Neither W.B. Harris nor Mrs. Harris heard the bathroom conversation.
4. Appellant exhibited no weapon upon entering the shop and had no weapon in his hand when he had hold of his wife in the bathroom.
From a careful review of all the testimony presented, we find no evidence from which a jury could infer that appellant had the intent to murder his wife when he forcibly entered the shop. For the instant charge to stand, the intent to commit a felony must have existed at the time the breaking and entering occurred. Young v. State, 51 Ala. App. 400, 286 So.2d 76 (1973). That is, in the instant case, the appellant must have broken and entered with the concurrent intent to commit murder. Therefore, a person who breaks and enters with no intent to commit a felony, but who after entry forms such an intent is not guilty of the statutory offense herein specified. Jacksonv. State, 102 Ala. 167, 15 So. 344 (1893).
In the instant case the totality of the evidence points only to the appellant's intention to remove his wife from the premises. There are no articulable facts showing that he intended to kill her. In fact, had the State charged appellant with the crime of assault with intent to murder, the evidence would not support that offense. The scintilla rule does not apply in criminal cases, and a conviction may not rest on speculation. McArdle v. State, Ala.Cr.App., *Page 189 372 So.2d 897, cert. denied, Ala., 372 So.2d 902 (1979).
Considering the severity vel non of the attack; the lack of any verbal threat to kill; the absence of any deadly weapon during the particular attack; and the victim's own testimony that appellant was not choking her, but was only trying to force her to go home with him, no such conviction would stand only on the testimony that appellant had his arm around his wife's neck during a domestic squabble. Neither will it support the felonious intent element necessary to a conviction for second degree burglary. Such a conviction under the evidence would be "wrong and unjust." Gilchrist v. State, 27 Ala. App. 401,173 So. 649 (1937).
By mandate of the United States Supreme Court, a conviction based upon insufficient evidence must be reversed and rendered.Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151,57 L.Ed.2d 15 (1978). Neither may the appellant be retried for a lesser included offense, Coleman v. State, Ala.Cr.App.,373 So.2d 1254 (1979), although he may be tried for some other separate and distinct offense which arose from his actions in question. White v. State, Ala.Cr.App., 383 So.2d 888, cert. denied, Ala., 383 So.2d 892 (1980); Brown v. State, Ala.Cr.App., 367 So.2d 557, cert. denied, Ala., 367 So.2d 559
(1979); Gallman v. State, 29 Ala. App. 264, 195 So. 768 (1940).
REVERSED AND RENDERED.
All the Judges concur.
TYSON, J., concurs in result.