**Clarence Anthony DICKENSON, Petitioner-Appellant,**

v.

**Thomas ISRAEL, Respondent-Appellee.**

No. 80–1334.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 1981.

Decided March 11, 1981.

W. Dan Bell, Jr., Madison, Wis., for petitioner-appellant.

Thomas J. Balistreri, Asst. Atty. Gen., Wis. Dept. of Justice, Madison, Wis., for respondent-appellee.

Before SWYGERT, CUMMINGS and WOOD, Circuit Judges.

PER CURIAM.

This is a habeas proceeding in which the main issue is whether a state criminal defendant's Fifth Amendment right to be free from double jeopardy was violated when a state appellate court vacated the defendant's conviction of the charged offense but affirmed the implicit conviction of a lesser included offense. We hold that the Double Jeopardy Clause was not violated.

Petitioner-appellant Clarence Dickenson was tried and convicted for armed robbery in a Wisconsin state court. On appeal the Wisconsin Supreme Court, *Dickenson v. State*, 75 Wis.2d 47, 248 N.W.2d 447 (1977),

held the evidence insufficient to support the charge, but did find it sufficient to support a conviction for simple robbery. After reversing the conviction, the appellate court remanded the case to the state trial court for entry of conviction and sentencing on the lesser included offense. The trial court did as directed and reduced the original prison sentence from twenty-five years to nine years.

Petitioner contends that the action of the Wisconsin Supreme Court exposed him to successive prosecution for the same criminal conduct in violation of the Double Jeopardy Clause. He relies on the holding in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1977). In that case the Sixth Circuit, 547 F.2d 968 (6th Cir. 1976), reversed a defendant's bank robbery conviction, finding that the prosecution at trial had tendered insufficient evidence to rebut an insanity defense. The court of appeals remanded the case to the trial court for a determination of whether an acquittal should be entered or a new trial ordered. The Supreme Court reversed, holding that the Double Jeopardy Clause precluded a second trial once the evidence was found to be insufficient to overcome the defense of insanity. The Court ruled that the only "just" remedy available was to direct an acquittal.

Petitioner maintains that because the Wisconsin Supreme Court found the evidence insufficient to support petitioner's conviction for armed robbery, it was precluded by reason of the holding in *Burks* from taking any action other than directing a judgment of acquittal. Petitioner misapprehends the Supreme Court's holding in *Burks* for the reasons stated in the district court's decision accompanying its order of a denial of the writ.[1] We also find the second issue, described in that decision, to be without merit. The trial court's decision reported as *Dickenson v. Israel*, 482 F.Supp. 1223 (E.D.Wis.1980), is adopted as the opinion of this court.

The order of the district court is affirmed.

---

1. Our decision in this case is in agreement with the Supreme Court's recent application of the holding in *Burks* in *Hudson v. Louisiana*, —— U.S. ——, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).