AFTER REMANDMENT
Reversed and remanded on authority of the Supreme Court of Alabama, Ex parte Edwards, 452 So.2d 503 (Ala. 1983).
REVERSED AND REMANDED.
All the Judges concur.
 ON REHEARING
After appellant's conviction of capital murder, the Supreme Court of Alabama reversed and remanded the case on the ground that the evidence was insufficient to sustain the conviction.Ex parte Edwards, 452 So.2d 503 (Ala. 1983). The court found, however, that the State had proved all the elements of the lesser included offense of first degree manslaughter.
The Court of Criminal Appeals, on the authority of the supreme court's opinion, reversed and remanded the case. The issue on rehearing is whether the case should be remanded or rendered.
Appellant contends the court must reverse and render rather than remand. This contention is based on the rulings of Burksv. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978); Watkins v. State, 389 So.2d 186 (Ala.Cr.App. 1980); andColeman v. State, 373 So.2d 1254 (Ala.Cr.App. 1979), all of which held that, after a finding of insufficient evidence, the case must be rendered since remanding for a new trial would violate the double jeopardy clause. The State argues that if there is sufficient evidence to support a conviction on a lesser included offense, the court has inherent authority to remand with orders that a judgment of guilty be entered for the lesser included offense and for proper resentencing.
In the case of Burks, supra, the Supreme Court state, "Since we hold today that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only `just' remedy available for that court is the direction of a judgment of acquittal."437 U.S. at 18, 98 S.Ct. at 2150.
The State relies on Dickenson v. Israel, 644 F.2d 308 (7th Cir. 1981), which is the Seventh Circuit's interpretation ofBurks. In Dickenson, the court found the evidence presented to be insufficient to support a conviction for armed robbery but sufficient for a lesser degree of robbery. The court remanded the case to the trial court with orders to enter a judgment on the lesser included offense and to resentence the accused accordingly.
On habeas corpus appeal, the Seventh Circuit Court distinguished the circumstances of Dickenson from those ofBurks. In Burks, because the reversal was based on an insufficient showing of the defendant's sanity, it was impossible to convict him on any lesser included charge. TheBurks's court held that allowing the State another trial "would create a purely arbitrary distinction between those in petitioner's position and others who would enjoy the benefit of a correct decision by the District Court." 437 U.S. at 11,98 S.Ct. at 2147. The federal appellate court, referring to Burks, said that since the trial court would have had no choice but to acquit if it had ruled correctly on the issue of defendant's sanity, the Supreme Court ruling merely put defendant in the position he would have been in absent the trial court's error.
The Seventh Circuit, following this same logic as applied to the case before it, reasoned that since the jury returned a verdict on the higher degree, it found the existence of every element of the lesser included offense. The Seventh Circuit then held that state and federal appellate courts have inherent authority to reverse a conviction while at the same time ordering an entry of judgment on a lesser included offense. *Page 508 
The same type of procedure approved by the Seventh Circuit is followed by most state courts that have faced the issue. SeeSearcy v. State, 163 Ga. App. 528, 295 S.E.2d 227 (1982);Beasley v. State, 394 So.2d 201 (Fla.App. 1981); State v. Byrd,385 So.2d 248 (La. 1980) (wherein the Supreme Court noted that ordering entry of judgment of guilty on lesser included offense accords with overwhelming treatment of problem by other jurisdictions); State v. Coston, 182 Conn. 430, 438 A.2d 701
(1980); State v. Plakke, 31 Wn. App. 262, 639 P.2d 796 (1982).
There are two Alabama cases that deal with this general issue. The first is Coleman v. State, 373 So.2d 1254
(Ala.Cr.App. 1979). This court in Coleman held that a defendant cannot be retried on any charge which grows out of the crime for which he was indicted. The court added, however, that the case should have been submitted to the jury on the lesser included charge, but since that was not done, the defendant must go unpunished and the case must be rendered. The other Alabama case is Watkins v. State, 389 So.2d 186 (Ala.Cr.App. 1980). That case says, "By mandate of the United States Supreme Court, a conviction based upon insufficient evidence must be reversed and rendered. . . . Neither may appellant be retried
for a lesser included offense. . . ." 389 So.2d at 189. (Emphasis ours.) These two Alabama cases deal with whether a defendant may be retried after a finding of insufficient evidence; they do not specifically address the issue of remanding the case for proper sentencing and are not, therefore, controlling. Also, there is statutory authority that would allow Alabama appellate courts to enter an order of conviction on lesser included offenses if the conviction of the crime in the higher degree is reversed because of insufficient evidence. Section 12-22-242, Code of Alabama 1975, reads in part that, "If the judgment is reversed, the appellate court may order a new trial or that the defendant be discharged or that he be held in custody until discharge by due course of law or make such other order as the case may require." (Emphasis ours.) Based on what is currently considered the correct interpretation of Burks, we hold that remanding for an entry of judgment of guilty on the lesser included charge and for resentencing is the correct course to fulfill the demands of justice.
For the foregoing reasons, we reverse and remand this case with instructions that the trial court enter a judgment of guilty on the charge of first degree manslaughter and sentence the appellant accordingly.
APPLICATION FOR REHEARING GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
BOWEN, P.J., and TYSON and SAM TAYLOR, JJ., concur.
HARRIS, J., concurs in result only.