This case is before us for a second time. The petitioner, Ervin Edwards, was convicted of capital murder in the Circuit Court of Mobile County. This Court reversed and remanded the case to the Court of Criminal Appeals on the ground that the evidence was insufficient to sustain the conviction. We concluded, however, that there was sufficient evidence to support a conviction of first degree manslaughter. Ex parteErvin Edwards, 452 So.2d 503 (Ala. 1983). The Court of Criminal Appeals reversed and remanded with instructions to the trial court for entry of judgment on the lesser included offense and for proper sentencing. Edwards v. State, 452 So.2d 506
(Ala.Cr.App. 1983). On December 12, 1983, Ervin Edwards was sentenced to 10 years' imprisonment for manslaughter in the first degree, and it was ordered that he be given credit for 4 years, 3 months, and 27 days spent in jail.
Petitioner seeks review, claiming that his Fifth Amendment right to be free from double jeopardy was violated when the Court of Criminal Appeals remanded his case following the reversal of his capital murder conviction. He bases this claim on the fact that the ground cited for the reversal was insufficient evidence to support the verdict. We hold that the double jeopardy clause was not violated and affirm.
The petitioner first contends that his case should have been reversed and rendered by the Court of Criminal Appeals, citingBurks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978); Coleman v. State, 373 So.2d 1254 (Ala.Crim.App. 1979); and Watkins v. State, 389 So.2d 186 (Ala.Crim.App. 1980). He argues that these cases stand for the proposition that, after a finding of insufficient evidence to sustain a conviction, remanding the case for a new trial would violate the double jeopardy clause. Applying this rule to the present facts, petitioner contends that because the case was sent back he was exposed to successive prosecutions for the same criminal conduct. Further, he says, when the trial court was allowed to resentence him, the State was given, in effect, a "second bite at the apple."
After carefully considering petitioner's arguments, we conclude that the Court of Criminal Appeals correctly relied on the Seventh Circuit's interpretation of Burks in Dickenson v.Israel, 644 F.2d 308 (7th Cir. 1981). The circumstances inDickenson are similar to those in the present case. There was insufficient evidence to support a conviction for armed robbery. The court found, however, that there was sufficient evidence to support a conviction for a lesser degree of robbery. The case was remanded to the trial court, judgment was entered on the lesser included offense, and the defendant was resentenced accordingly. In Dickenson, the jury had been instructed on the elements of armed robbery and the lesser included charge of robbery. In the present case, the jury was properly charged on the lesser included offense of manslaughter.
The trial court's opinion, reported as Dickenson v. Israel,482 F. Supp. 1223 (E.D.Wis. 1980), was adopted as the opinion *Page 510 
of the Seventh Circuit, and the following authority was cited in support of its decision:
 "State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense. See, e.g., United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142 (D.C. Cir. 1967); Luitze v. State, 204 Wis. 78, 234 N.W. 382 (1931). The usual situation in which this occurs is when there is insufficient evidence to support one of the elements of an offense. A court may be reluctant to overturn an entire conviction when there is ample evidence to support a lesser-included charge which does not contain the insufficiently proven element. The authority to order the entry of judgment on the lesser-included offense is both statutory, see, e.g. 28 U.S.C. § 2016, and based on the common law. The constitutionality of the practice has never seriously been questioned." 482 F. Supp. at 1225.
The trial court in Dickenson went on to distinguish the Burks
case, and the Seventh Circuit, in affirming, reasoned that the jury had found the existence of every element of the lesser-included offense by returning a verdict on the higher degree.
In the present case, the Court of Criminal Appeals found further support for its decision in finding that:
 "The same type of procedure approved by the Seventh Circuit is followed by most state courts that have faced the issue. See Searcy v. State, 163 Ga. App. 528, 295 S.E.2d 227 (1982) [Evidence was insufficient to support a conviction on two felony counts of theft by receiving stolen property, but sufficient to sustain a misdemeanor charge — the proper remedy was to remand to the trial court for proper sentencing under the lesser-included offense.]; Beasley v. State, 394 So.2d 201 (Fla.App. 1981) [Evidence was insufficient to support a conviction of grand theft, but sufficient to sustain the lesser-included offense of petty theft — the case was remanded for proper sentencing on the lesser-included offense.]; State v. Byrd, 385 So.2d 248 (La. 1980) (wherein the Supreme Court noted that ordering entry of judgment of guilty on lesser-included offense accords with overwhelming treatment of problem by other jurisdictions); State v. Coston [182 Conn. 430] 438 A.2d 701 (1980); State v. Plakke [31 Wn. App. 262] 639 P.2d 796 (1982)."
We further conclude that the Court of Criminal Appeals was correct in finding that Coleman, supra, and Watkins, supra, are not controlling in this case. That court stated that "[t]hese two Alabama cases deal with whether a defendant may be retried
after a finding of insufficient evidence; they do not specifically address the issue of remanding the case for proper sentencing."
For the reasons stated, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and EMBRY, JJ., concur.
JONES, ALMON, SHORES and ADAMS, JJ., dissent.