I dissent. Petitioner, in his brief to this court, made only one argument — that he should be released because we decided on the original hearing of this case that the defendant had been convicted and sentenced to death on insufficient evidence. In support of this argument, petitioner cited the Supreme Court case of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978), and two Alabama cases following Burks, namely, Coleman v. State, 373 So.2d 1254 (Ala.Crim.App. 1979), and Watkins v. State, 389 So.2d 186 (Ala.Crim.App. 1980). After reading petitioner's brief and the state's brief, I was reasonably convinced that the principle set forth in Burks, namely, that the United States constitutional prohibition against double jeopardy attaches where the appellate court reverses because of a total insufficiency *Page 512 
of the evidence, was not applicable to the facts in this case. I am still of that opinion. However, on oral argument, petitioner did not make that precise double jeopardy argument, but argued a corollary to that argument, namely, that fairness and justice dictated under the facts in this case that petitioner was, in the very least, entitled to have his case retried on the charge of manslaughter. After all, we had said in our per curiam opinion that although the evidence was insufficient to sustain a conviction under the charge in the indictment, it was sufficient to sustain a conviction of the lesser included crime of manslaughter. Petitioner posits the argument that although the trial court instructed the jury on the lesser included offense of manslaughter, in conformity withBeck v. State, 396 So.2d 645 (Ala. 1980), he has not really had a jury to pass on the sufficiency of the facts to sustain a conviction of manslaughter.
It is petitioner's argument that he should have a retrial before a new jury on an indictment charging manslaughter that I find persuasive and which provokes my dissent. In taking the position that I do, I recognize that the federal decisions in this area are substantially in accord with the view that in a case such as this, the proper procedure to be followed by the appellate court is to remand the case to the trial court for resentencing under an indictment compatible with the evidence that was adduced in the trial. Dickenson v. Israel, 482 F. Supp. 1223,1225 (E.D.Wis. 1980); United States v. Cobb,558 F.2d 486, 489 (8th Cir. 1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142 (D.C. Cir. 1967). Some states, likewise, have taken a similar position. However, Alabama has not before spoken on this subject. We are not bound by federal decisions, and certainly not other state court decisions, if we desire to give greater rights to our citizens.
The federal decisions rationalize the appellate court's reversal of a lower court's decision for insufficiency of evidence and the direction to enter judgment on the lesser included offense without a new jury trial on the premise that the first jury, by convicting defendant of the higher offense, must, of necessity, have convicted him of the lower offense. Such reasoning simply ignores the real world of litigation. The defendant in this case was charged with a violation of Code 1975, § 13-11-2 (a)(5). This section provides for the death penalty for the following offense:
 (5) The murder of any police officer, sheriff, deputy, state trooper or police officer of any kind, or prison or jail guard while such prison or jail guard is on duty or because of some official or job related act or performance of such officer or guard.
Under the facts in this case, the police officer sought to arrest defendant without a warrant for a misdemeanor that was not committed in his presence. The defendant asked the police officer for his warrant, which he had a right to do, but the police officer could not produce it. He then attempted to incarcerate the defendant, and the defendant resisted. Under our laws, the police officer was making an illegal arrest. He should have had a warrant to arrest the defendant for a misdemeanor not committed in his presence. Under the facts in this case, the defendant had a limited right to resist the arrest.
When the officer attempted to incarcerate defendant, a scuffle ensued and in a scramble of the two to get the officer's gun, the officer was killed. We held that the evidence was insufficient in this case because not only did the state have to prove that the police officer was on duty (a point made much of by the Court of Criminal Appeals), but it also had to prove at least that the actions of the defendant amounted to murder in the second degree. Because there was no evidence showing malice, the conviction of the above-stated crime had to be overturned because of insufficient evidence.
Now my long years of experience as a trial lawyer lead me to conclude that the jury trying the defendant in this case simply did not consider the lesser included *Page 513 
offense of manslaughter on which we said there was sufficient evidence to sustain a conviction. Once they had determined that there was sufficient evidence to sustain a conviction of the higher offense, there was no need for them to consider going to the lower offense. Although we said that there was sufficient evidence to convict the defendant of manslaughter, in my opinion, there was also evidence upon which a jury could have acquitted the defendant of manslaughter. But here, we have a case where the jury, in my opinion, only considered the greater offense, and yet, the lower court is allowed to enter, without a trial, a judgment for the maximum sentence for a crime which the jury did not consider.
Although such a procedure obviously provides for judicial economy, it does not accord to our citizens the fairness which our constitution and laws require. Nothing can be more sacred in our jurisprudence than the right to a trial by one's peers. Since the passage of the Jury Selection Act, 1978 Ala. Acts (codified at Code 1975, § 12-16-65, et seq.), we have made great progress toward making our juries representative. Although there is authority for an appellate court's reversing with directions to enter a specific judgment, the usual order in a reversal case is "reversed and remanded for a new trial not inconsistent with this opinion."[1] Furthermore, what harm, other than the expense of a new trial, would be wrought if the defendant is indicted on manslaughter and retried? Certainly, if he is truly guilty of manslaughter, as the state contends he is, a new jury would have no difficulty in coming to this conclusion. On the other hand, if there is not an open and shut case of manslaughter, and if there is some doubt about his culpability, fairness dictates that he should be entitled to be heard by a jury of his peers. Such a procedure would be more in line with our usual concept of justice.
JONES and SHORES, JJ., concur.
[1] § 12-22-242 "Reversal of judgment. If the judgment is reversed, the appellate court may order a new trial or that the defendant be discharged or that he be held in custody until discharged by due course of law or make such other order as thecase may require." (Emphasis added.) *Page 857