On application for rehearing, the state calls to our attention our original opinion's failure to mention lesser included offenses. We now extend our original opinion to correct that oversight.
As the state correctly points out, third degree theft, Code 1975, § 13A-8-5, which consists of the theft of property which does not exceed $100 in value and which is not taken from the person of another, is a lesser included offense of second degree theft. Code 1975, § 13A-8-4. The state contends that even though, as our original opinion held, Scott was not guilty of second degree theft, all of the elements of third degree theft were proved at trial. We agree.
The record clearly shows that the trial court properly charged the jury as to third degree theft and the evidence clearly supports a finding that Scott committed theft of property not exceeding $100 in value which was not taken from the person of another.
Therefore, while reaffirming our previous reversal of Scott's second degree theft conviction, we find sufficient evidence to support a conviction for third degree theft. Consequently, we remand to the Court of Criminal Appeals for a judgment not inconsistent with our findings. Ex parte Edwards, 452 So.2d 503
(Ala. 1983), on remand, 452 So.2d 506 (Ala.Cr.App. 1983), affirmed, 452 So.2d 508 (Ala. 1984).
ORIGINAL OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
EMBRY and ADAMS, JJ., dissent.