I agree with the majority that Roberts cannot be retried for trafficking, but I must respectfully disagree with the majority on its holding that Roberts cannot be found guilty of the lesser included offense of possession of marijuana.
In Ex parte Edwards, 452 So.2d 508 (Ala. 1984), the appellant, Ervin Edwards, was convicted of capital murder. This Court reversed the affirmance of the Court of Criminal Appeals, on the ground that the evidence was insufficient to sustain the conviction. This Court concluded, however, that there was sufficient evidence to support a conviction of first degree manslaughter; it remanded the case to the Court of Criminal Appeals, and that Court reversed and remanded with instructions to the trial court for the entry of a judgment on the lesser included offense *Page 233 
and for proper sentencing. Edwards v. State, 452 So.2d 506
(Ala.Crim.App. 1983).
In Edwards, the defendant again sought review in this Court, claiming that his Fifth Amendment right to be free from double jeopardy was violated when the Court of Criminal Appeals remanded his case following the reversal of his capital murder conviction. He based this claim on the fact that the ground cited for the reversal was insufficient evidence to support the verdict. This Court held that the Double Jeopardy Clause had not been violated and affirmed his conviction.
The defendant here, like the defendant in Edwards, claims that his conviction should have been reversed and a judgment for him rendered by the Court of Criminal Appeals; he cites, among other cases, Burks v. United States, 437 U.S. 1,98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The majority agrees with his argument that, after the Court of Criminal Appeals found that there was insufficient evidence to sustain his conviction for trafficking, that court could not remand the case for a new trial on a lesser included offense.
This Court, in Edwards, wrote:
 "After carefully considering petitioner's arguments, we conclude that the Court of Criminal Appeals correctly relied on the Seventh Circuit's interpretation of Burks in Dickenson v. Israel, 644 F.2d 308 (7th Cir. 1981). The circumstances in Dickenson are similar to those in the present case. There was insufficient evidence to support a conviction for armed robbery. The court found, however, that there was sufficient evidence to support a conviction for a lesser degree of robbery. The case was remanded to the trial court, judgment was entered on the lesser included offense, and the defendant was resentenced accordingly. In Dickenson, the jury had been instructed on the elements of armed robbery and the lesser included charge of robbery. In the present case, the jury was properly charged on the lesser included offense of manslaughter.
 "The trial court's opinion, reported as Dickenson v. Israel, 482 F. Supp. 1223
(E.D.Wis. 1980), was adopted as the opinion of the Seventh Circuit, and the following authority was cited in support of its decision:
 " 'State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense. See, e.g., United States v. Cobb, 558 F.2d 486, 489
(8th Cir. 1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142
(D.C. Cir. 1967); Luitze v. State, 204 Wis. 78, 234 N.W. 382 (1931). The usual situation in which this occurs is when there is insufficient evidence to support one of the elements of an offense. A court may be reluctant to overturn an entire conviction when there is ample evidence to support a lesser-included charge which does not contain the insufficiently proven element. The authority to order the entry of judgment on the lesser-included offense is both statutory, see, e.g. 28 U.S.C. § 2016, and based on the common law. The constitutionality of the practice has never seriously been questioned.' 482 F. Supp. at 1225.
 "The trial court in Dickenson went on to distinguish the Burks case, and the Seventh Circuit, in affirming, reasoned that the jury had found the existence of every element of the lesser-included offense by returning a verdict on the higher degree.
 "In the present case, the Court of Criminal Appeals found further support for its decision in finding that:
 " 'The same type of procedure approved by the Seventh Circuit is followed by most state courts that have faced the issue. See Searcy v. State, 163 Ga. App. 528, 295 S.E.2d 227 (1982) [Evidence was insufficient to support a conviction on two felony counts of theft by receiving stolen property, but sufficient to sustain a misdemeanor charge — the proper remedy was to remand to the trial court for proper sentencing under the lesser-included offense.]; Beasley v. State, 394 So.2d 201 (Fla.App. 1981) [Evidence was insufficient to support a conviction of grand theft, but sufficient to sustain the lesser-included offense of *Page 234 
petty theft — the case was remanded for proper sentencing on the lesser-included offense.]; State v. Byrd, 385 So.2d 248 (La. 1980) (wherein the Supreme Court noted that ordering entry of judgment of guilty on lesser-included offense accords with overwhelming treatment of problem by other jurisdictions); State v. Coston, [182 Conn. 430] 438 A.2d 701 (1980); State v. Plakke, [31 Wn. App. 262] 639 P.2d 796 (1982).'
 "We further conclude that the Court of Criminal Appeals was correct in finding that Coleman [v. State, 373 So.2d 1254
(Ala.Crim.App. 1979)], and Watkins [v. State, 389 So.2d 186
(Ala.Crim.App. 1980)], are not controlling in this case. That court stated that '[t]hese two Alabama cases deal with whether a defendant may be retried
after a finding of insufficient evidence; they do not specifically address the issue of remanding the case for proper sentencing.'
 "For the reasons stated, the judgment of the Court of Criminal Appeals is due to be, and it hereby is, affirmed."
Edwards, 452 So.2d at 509-10.
In Ex parte Bohannon, 564 So.2d 854 (Ala. 1988), the defendant was convicted of trafficking in marijuana, a violation of Ala. Code 1975, § 20-2-80, and was sentenced to 10 years' imprisonment and was fined $25,000. The Court of Criminal Appeals affirmed, without opinion; see Bohannon v. State, 515 So.2d 153 and 519 So.2d 1380. This Court granted the defendant's petition for the writ of certiorari and, upon review, reversed the judgment of affirmance, holding that the state had failed to prove that he possessed more than 2.2 pounds of marijuana, an essential element of trafficking under § 20-2-80. On remand, the Court of Criminal Appeals reversed the conviction, saying:
 "Pursuant to [the Supreme Court's opinion and judgment in Ex parte Bohannon], we reverse Bohannon's conviction for trafficking. However, we find that the state clearly proved each and every element of possession of marijuana, § 20-2-70, which is a lesser included offense of the crime charged. Thus, we are authorized to apply the doctrine of Edwards v. State, 452 So.2d 506
(Ala.Cr.App. 1983), aff'd, 452 So.2d 508 (Ala. 1984). See also Borden v. State, 523 So.2d 508
(Ala.Cr.App. 1988). Accordingly, we reverse Bohannon's conviction for trafficking, but we remand with instruction that a judgment of guilty be entered for the lesser included offense of possession of marijuana and for proper resentencing. Due return should be filed with this court showing the action [taken] by the trial court."
Bohannon v. State, 564 So.2d 859, at 859 (Ala.Crim.App. 1988). In Ex parte Bohannon, 564 So.2d 854 (Ala. 1988), this Court reversed the judgment of the Court of Criminal Appeals affirming Bohannon's conviction for trafficking in cannabis (based on his possession of more than 2.2 pounds of marijuana), in violation of Ala. Code 1975, § 20-2-80, the same charge in this case. This Court's reversal was based on this Court's holding that the State had failed to prove that Bohannon possessed in excess of 2.2 pounds of "marijuana," as the term is defined in § 20-2-2(15).
The majority also holds that "[t]he State is also barred from retrying Roberts on any lesser included offense," writing:
 "In Ex parte Beverly, 497 So.2d 519, 524-25
(Ala. 1986), this Court held that where a defendant's conviction on the charged offense is reversed because of insufficient evidence and in the trial the jury had not been charged on a lesser included offense, the defendant may not be retried on a lesser included offense. It is undisputed that Roberts's jury was not charged on any lesser included offenses."
662 So.2d at 232.
I must respectfully disagree. I do not think Ex parte Beverly
holds that a defendant cannot be retried if the jury was not instructed on a lesser included offense. Admittedly, there is some language in Ex parte Beverly that unfortunately suggests that the State cannot try a defendant on a lesser included offense unless the jury was instructed on the lesser included offense at trial. I concurred in the decision in Ex parteBeverly, but if that decision stands for that proposition, and I do not believe it does, then I must respectfully reject it, and I would join the special writing of Mr. Justice Jones in Exparte Beverly, who wrote the following:
 "I agree that Defendant's conviction for first degree murder is due to be affirmed. *Page 235 
The intentional killing element of the capital offense for which Defendant was indicted and tried was fully supported by the evidence; thus, the State's right to retry Defendant on the reindicted charge of first degree murder is not impugned.
 "I also agree that Defendant's conviction for grand larceny is due to be reversed and judgment thereon rendered. But I do not agree that this result obtains because the trial court, upon Defendant's second trial, failed to instruct the jury on grand larceny as a lesser-included offense of robbery. The Court's opinion creates the anomaly of forcing a defendant to make himself subject to retrial if he requests a lesser-included offense in those cases in which he challenges the sufficiency of the evidence with respect to the higher offense. Furthermore, the opinion's reference to the State's burden to request the lesser-included offense charge is not realistic. Stated bluntly, I have never heard of it. I would reaffirm Coleman, rather than overrule it. Coleman v. State, 373 So.2d 1254
(Ala.Crim.App. 1979)."
497 So.2d at 530. I would follow the same procedure that this Court followed in Ex parte Edwards and Ex parte Bohannon, and while I agree that Roberts cannot be retried for, or convicted of, trafficking, I would authorize the trial court to enter a judgment on the lesser included offense of possession of marijuana and to impose a proper sentence; consequently, I must respectfully dissent.