As the lone dissenter when this case was initially before this Court, I was pleased to learn of the Alabama Supreme Court's reversal of the affirmance which prompted my dissent. Unfortunately, I find myself once again in disagreement with portions of majority's opinion in this matter.
I concur in that part of the majority's opinion that, in compliance with the directive of the Alabama Supreme Court, reverses J.F.C.'s conviction for criminal surveillance. I disagree with the majority's conclusion that the prosecution proved the elements of attempted criminal surveillance. Therefore, I dissent from that portion of the majority's opinion which directs the trial court to enter an order adjudicating J.F.C. a youthful offender based on the finding that he was guilty of that offense.
Section 13A-11-32(a), Ala. Code 1975, provides, "A person commits the crime of criminal surveillance if he intentionally engages in surveillance while trespassing in a private place." Contrary to the majority's assertion, the State utterly failed to establish that J.F.C. was trespassing in a private place.
The testimony at trial established that J.F.C. was a resident at the apartment complex where he was accused of criminal surveillance. J.F.C. was alleged to have been peering into a ground-floor window of an apartment building. The side of the building where the apartment window was located was next to Jackson Street, which connects to Main Street, a main thoroughfare. The security officer testified that people walk between the buildings to reach Jackson Street.
As a resident of the apartment complex, J.F.C. had a right to access the common areas of property. The City presented no testimony or other evidence indicating that J.F.C. had been directed to remain off the property. Because J.F.C. was legally on the property, he was not trespassing. Furthermore, J.F.C. was not in a "private place," as that term is defined in the statute. Section 13A-11-30(2), Ala. Code 1975, *Page 612 
defines a private place as, "A place where one may reasonably expect to be safe from casual or hostile intrusion or surveillance, but such termdoes not include a place to which the public or a substantial group ofthe public has access." (Emphasis added.) The area outside the apartment was a common area; logic and the relevant law dictate that a common area to which members of the public have access cannot also be considered a private area.
Because the City did not, in fact, establish the elements of attempted criminal surveillance, I dissent from that portion of the majority's opinion holding that it did. While I agree with the practical impact of the majority's decision, and while I agree that the statutes as they are written and as I believe they must be construed seem to afford residents of apartments or similar dwellings less protection under the law than the owners of private residences, the problem is one for the Legislature to address. The Legislature has specifically defined a "private place" to exclude places to which the public or a substantial group of the public has access. Moreover, J.F.C. was a resident of the apartment complex and had access to the common areas. The conduct presented in this case does not violate any criminal statute. Modification of the law is necessary, as the facts in this case demonstrate. But that is a matter for the Legislature, not this Court, to address.
Finally, I am compelled to state that I believe that the precedent established in this case is a dangerous one. J.F.C. was charged with criminal surveillance. Although J.F.C. successfully appealed his adjudication on that charge and the Alabama Supreme Court determined that the evidence was insufficient to support the conviction, the Supreme Court nonetheless directed this Court to determine whether the elements of attempted criminal surveillance had been established. While I am aware of Ex parte Edwards, 452 So.2d 508 (Ala. 1984), and its progeny, I believe that their application in this case is inappropriate. The Supreme Court, in Edwards, held that, even though the defendant's conviction for capital murder was reversed on grounds of insufficient evidence, the cause could be remanded for entry of judgment on the lesser-included offense of manslaughter, noting that the jury had been instructed on the lesser-included offense. Id. at 509-10. Justices Jones, Almon, Shores, and Adams dissented in Edwards. The dissenting Justices noted that, while the majority's resolution of the case might promote judicial economy, it was legally incorrect, because it ordered the trial judge to enter a judgment of conviction without affording the defendant a trial on that charge, and without the fact-finder rendering a guilty verdict.
Like the dissenting Justices in Edwards, I am deeply troubled by any procedure that leads to a judgment of conviction in the complete absence of a trial on, and defense against, the charge for which the defendant is ultimately convicted. Such a procedure is completely at odds with the constitutional provisions that guarantee a fair trial and a right of defense. Not only is this a dangerous precedent because it eviscerates the defendant's rights, I believe it is a precedent that cannot withstand further legal scrutiny. This procedure utterly fails to comport with long-standing constitutional principles, and I believe that it will not stand. Therefore, I urge the Alabama Supreme Court to reconsider the principle announced in Ex parte Edwards. *Page 613