Appellant, Cedric Ramsey, was indicted for robbery in the third degree. He was convicted of theft in the first degree and sentenced to seven years' imprisonment. On appeal he raises three issues.
 I
Appellant first contends that the in-court identification of him by the victim was tainted by an unduly suggestive pretrial photographic array. A hearing on appellant's motion to suppress the in-court identification was held and testimony taken. The testimony was in conflict on the question of whether the victim, Jorge Lazarte, knew that a picture of the man who had been caught with his car in Greenwood, Mississippi (the appellant) was one of the pictures in the photographic array. In a series of cases which includes Jones v. State,415 So.2d 1233 (Ala.Cr.App. 1982), this court has held that the fact "that a person is actually told the suspect's photograph is among other pictures, although generally inadvisable, does not contaminate the identification proceeding." Since we find that the identification procedure is not "suggestive," then the motion to suppress is due to be denied. Phillips v. State,409 So.2d 918 (Ala.Cr.App. 1981); Branch v. Estelle, 631 F.2d 1229
(5th Cir. 1980).
 II
Appellant contends the court erred in permitting Sergeant Hurst to testify that Lazarte had selected appellant's photograph from a photographic line-up a short time after the alleged robbery. In Abercrombie v. State, 382 So.2d 614
(Ala.Cr.App. 1980), cert. denied, 382 So.2d 616 (Ala. 1980), Judge Bowen stated that "[t]he fact that a third person observed another identify the defendant is `an independent fact to which the witness . . . could testify just as to any other fact.'" Ferguson v. State, 401 So.2d 204 (Ala.Cr.App. 1981).
Thus, the court did not err in permitting this testimony.
 III
The third issue appellant raises on appeal is whether or not the trial court erred when it instructed the jury that first degree theft was a lesser included offense of robbery in the third degree.
Alabama law is clear: *Page 1067 
 "[T]o be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged." Payne v. State, 391 So.2d 140 (Ala.Cr.App. 1980), cert. denied, 391 So.2d 146 (Ala. 1980), on remand 421 So.2d 1303 (Ala.Cr.App. 1982), writ quashed, 421 So.2d 1306 (Ala. 1982).
Robbery in the third degree is outlined in § 13A-8-43, Code of Alabama 1975, as follows:
 "A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." (Emphasis added.)
By its very definition, the crime of robbery in the third degree necessarily includes the crime of theft plus the element of force or threat of force, as outlined above.
The offense of theft in Alabama unifies several common law offenses, including larceny (See Commentary to §§ 13A-8-2
through 13A-8-5, Code of Alabama 1975), and traditionally larceny was a lesser included offense of robbery.
As indicated in 67 Am.Jur.2d Robbery § 7 (1973),
 "Robbery is usually regarded as an aggravated form of larceny. Indeed, robbery has been defined as a compound larceny, composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking. Accordingly, in most jurisdictions, larceny is an included offense, and a conviction for larceny may be had under a charge of robbery."
Alabama's statute dealing with lesser included offenses, §13A-1-9, Code of Alabama 1975, states in pertinent part as follows:
 "A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by the same or fewer than all the facts required to establish the commission of the offense charged. . . ."
This statute defines a lesser included offense in terms of the necessary elements that must be proven rather than the possible degree of punishment that may be imposed. Thus we find it is irrelevant in determining the merit of appellant's issue that third degree robbery is a class C felony while theft in the first degree is a class B felony.
An examination of the case law in this area, a literal interpretation of the language of § 13A-1-9, and common sense all lead to the conclusion that the trial court properly instructed the jury that theft is a lesser included offense of robbery.
In light of the foregoing, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.