LEIGH M. CLARK, Retired Circuit Judge.
This appellant went to trial on an indictment that charged in pertinent part that he:
“... did, in the course of committing a theft of a radio ... of the value of $79.99, the property of McCrory Corporation, a corporation, d/b/a H.L. Green, use force against the person of Bailey Clinton and/or Gerald Fleming, with intent to overcome his physical resistance or physical power of resistance, or threatened him with the use of force against the person of Bailey Clinton and/or Gerald Fleming, with intent to compel acquiescence to the taking of or escaping with the said property, in violation of Section 13A-8-43 of the Code of Alabama.”
After the State had shown by four witnesses an encounter between the defendant and Bailey Clinton and Gerald Fleming while defendant was in the store of H.L. Green at the comer of Perry Street and Dexter Avenue in Montgomery, Alabama, and was in the process of transporting on his person a radio on sale by the store for the purchase price of $79.99 and was moving with the radio from the store without paying or offering to pay for the radio, the State rested its case, and the following occurred:
“THE COURT: Let me see the lawyers, the defendant and court reporter back in chambers for a brief moment.
“Ladies and Gentlemen, there’s a matter of law that is required by law to be taken up outside of your presence and we’ll step back in chambers and take it up.
“(Whereupon, the following occurred in chambers out of the presence of the jury as follows:)
“MR. CAMERON: I would like a directed verdict. The proper question before us — it’s my understanding, that he’s charged with robbery in the indictment, and to be used in the taking of the property or in connection with the escape of [sic, but likely a clerical error and we treat as ‘with’] the property. The force that’s been alleged. The force that’s been alleged occurred after Mr. Bailey no longer had the property.
“THE COURT: I think what we have probably got here is a Theft Two.
“MR. SIMPSON [State’s Attorney]: That’s what the State has felt all along.
“THE COURT: That’s all we’ve got is Theft Two.
“MR. SIMPSON: But every element of Theft of Property in the Second Degree can be proved in a charge of Robbery.
“THE COURT: It’s a lesser included offense.
“MR. SIMPSON: It’s a lesser included offense and we would be in the unusual position of the State requesting the Judge instruct the jury on a lesser included offense for the defendant’s benefit.
“THE COURT: What I’m telling you is I think you are probably right, based on the testimony that I’ve heard. The State can’t prove a Robbery Three. It will be a Theft Two. Now, he’s raising the whole thing should be thrown out because it’s not a Robbery Three and the Theft is not included and I’m denying *178 that motion. Your record is preserved and you except.
“MR. CAMERON: Thank you.
“(Whereupon, the following occurred in open court in the presence of the jury as follows:)
“THE COURT: The State rests. What says the Defense?
“MR. CAMERON: We’d like to argue the case, Your Honor.
“THE COURT: Both sides have rested. At this time we’ll have closing arguments.
“(Whereupon, counsel for both parties argued their case to the jury.)”
At the conclusion of arguments, the court orally charged the jury, particularizing that the jury could not find defendant guilty of robbery and that they could return only one of two verdicts, one finding “the defendant not guilty” and the other finding the defendant guilty of “theft of property in the second degree,” which in part is defined by Alabama Criminal Code, § 13A-8-4(e), as follows:
“The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree.”
Before the jury retired to commence its deliberations, counsel for defendant made it clear to the trial court that defendant objected and took exception to the trial court’s submission to the jury of the question whether defendant was guilty of theft in the second degree as noted above. This is made clear by the trial court’s acknowledgment thereof as follows:
“Before the jury retired Mr. Cameron objected to the court letting the matter go to the jury on a theft of property in the second degree. His objection was based on due process and all of the constitutional grounds that there may be, and the Court has overruled his objection and denied his motion for a directed verdict on that basis. In addition to the basis that he had also moved for a directed verdict on inefficiency [sic, which we construe as a typographical error and deem that the word is insufficiency] of the evidence from the State and I have denied that.
“MR. CAMERON: And that Theft Two is not a lesser included offense of Robbery Three.
“THE COURT: That’s right.
“MR. CAMERON: And you denied my—
“THE COURT: And that’s denied for the record.”
Appellant’s counsel, the same attorney who represented him on the trial, presents only two issues on appeal, which consist substantially of the same contentions made by defendant’s counsel at the conclusion of the trial of the case as set forth above. In the first issue, it is stated that the trial court committed reversible error in “charging the jury on the offense of theft of property in the second degree in that theft of property in the second degree ‘is not a lesser included offense of the charge of robbery in the third degree.’ ” By his second issue, appellant contends that for the trial court to charge the jury that defendant could be found guilty of theft of property in the second degree on an “indictment at trial for the offense of robbery in the third degree violated the defendant’s constitutional right to due process of law.”
I.
In an effort to support the first issue presented on appeal, appellant cites a number of cases pertaining to the question of whether some particular crime is a lesser included crime of that charged in an indictment. He cites only one case on the point whether theft in the second degree is a lesser included offense of robbery in the third degree, to which case he refers in appellant’s brief as follows:
“It is respectfully submitted that the offense of theft of property in the second degree is not a lesser included offense of the statutory offense of robbery in the third degree as defined in Section 13A-8-43, Code of Alabama (1975), notwithstanding this Court’s decision in Ramsey *179 v. State, 441 So.2d 1065 (Ala.Cr.App.1983).”
We disagree with appellant, and we continue to hold, as was held in the opinion in Ramsey v. State, 441 So.2d 1065 (Ala.Cr.App.1983), that theft of property in the second degree is a lesser included offense of the crime charged in the indictment in the instant case. We adopt and apply what was said by Judge Sam Taylor at 441 So.2d 1067 as follows:
“By its very definition, the crime of robbery in the third degree necessarily includes the crime of theft plus the element of force or threat of force, as outlined above.
“The offense of theft in Alabama unifies several common law offenses, including larceny. (See, Commentary to §§ 13A-8-2 through 13A-8-5, Code of Alabama 1975), and traditionally larceny was a lesser included offense of robbery.”
II.
On the argument of counsel for appellant as to the second issue presented by him in his brief, wherein he contends that by allowing the defendant to be found guilty of theft in the second degree, defendant was deprived of his liberty without being afforded “due process of law” guaranteed to him by the Fifth Amendment to the Constitution of the United States and Art. I, § 6, of the Constitution of Alabama of 1901, he argues as follows:
“In the instant case, Mr. Bailey was not placed on notice by the indictment charging Robbery III that he would be put on trial for the offense of Theft of Property II. The substance of the Robbery III indictment involved a charge of the use of force or violence. The indictment charging Robbery III did not provide Mr. Bailey with notice and an opportunity to defend against specific elements of a theft of property charge because those elements are not contained in a charge for Robbery III.”
The argument of appellant’s attorney is inconsistent with the language of the indictment in charging Robbery III, which specifically charged that the alleged robbery was committed by defendant while he was “in the course of committing a theft.” Therefore, it is clear that appellant’s conviction meets the Constitutional requirement of due process of law. Indeed, Ramsey v. State, as well as other cases which hold that the conviction of a greater offense necessarily includes a finding of guilt on the lesser included offenses, is tantamount to a holding that the offender has not been denied his Constitutional right to due process of law. See also Edwards v. State, 452 So.2d 506, 507 (Ala.Crim.App.1983), affirmed, 452 So.2d 508 (Ala.1984), where this court stated, “... since the jury returned a verdict on the higher degree, it found the existence of every element of the lesser included offense ...” (referring to Dickenson v. Israel, 644 F.2d 308 (7th Cir.1981)).
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All Judges concur.