TYSON, Judge.
Jeffrey Summleor was indicted on three counts of capital murder in violation of § 13A-5-40, Code of Alabama 1975. Count I alleged murder during rape in the first degree. The second count alleged intentional murder during a robbery in the first degree. Count III alleged intentional murder during a first degree burglary. The appellant was found guilty of murder and of theft in the first degree.[1] He raises four issues on appeal. The pertinent facts will be set forth as each issue is discussed.
I.
The appellant first contends that the trial court erred in admitting his videotaped confession into evidence because, he says, it was not given freely and voluntarily. The appellant also contends that the police refused to allow him to see his attorney when *1282 the attorney arrived sometime during the investigation of the crimes at issue.
The record reveals the following: The appellant’s sister testified that immediately after his arrest, the appellant’s mother told him that she was getting him a lawyer and not to talk to anyone. His sister also testified that the appellant had an appointment with an attorney on the morning of his arrest concerning another charge. The appellant was read his Miranda rights when he arrived at the police station and was also advised of his rights before giving his statement.
One of the officers conducting the interrogation testified that he was notified during the interrogation that an attorney had arrived and that he (the officer) was told to notify the appellant that his attorney was present in case he wanted to stop the interrogation and talk with the attorney. The attorney apparently arrived shortly before the interrogation was completed. The appellant was advised that an attorney was present. He did not ask to speak with the attorney.
Jimmy Pool, an attorney sent by the apr pellant’s family to speak with the appellant, testified that he was told he could speak to the appellant when he requested an attorney or when the interrogation was completed. He also testified that he did not recall voicing any objection to the interrogation.
Whether a waiver of Miranda rights is knowingly and intelligently made depends on the facts of each case, considering the totality of the circumstances. Staten v. State, 547 So.2d 603 (Ala.Crim.App.1988), rev’d on other grounds, 547 So.2d 607 (Ala.1989); Moore v. State, 415 So.2d 1210 (Ala.Crim.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). The question of whether a confession is understanding and voluntary is a question of law for the trial judge, and the trial judge’s finding will not be reversed on appeal unless it is contrary to the great weight of the evidence or is manifestly wrong. Staten; Hubbard v. State, 500 So.2d 1204 (Ala.Crim.App.), aff'd, 500 So.2d 1231 (Ala.1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987). The fact that a defendant has an attorney[2] does not mean “as a per se rule” that law enforcement officers cannot take a statement from the defendant without prior notice to and the consent of his attorney, if the defendant knowingly and voluntarily waives his rights. See e.g., Jackson v. State, 516 So.2d 726, 743 (Ala.Crim.App.1985).
The record reveals that the appellant was advised of his Miranda rights on two occasions immediately prior to his making the statement. He also signed a waiver of rights prior to the statement. He did this even though he was aware that his family was going to contact an attorney and had advised him not to talk to anyone. He was notified that an attorney had arrived, but did not exercise his right to speak to this attorney. The trial judge viewed the videotaped statement and heard the testimony of the witnesses. Thus, he was in the best position to determine the voluntariness of the statement. We find no error in the admission of the appellant’s statement.
II.
The appellant next contends that the court erred in not allowing the victim’s co-employee to testify as to hearsay statements made by the victim. Specifically, the appellant cites the following exchange:
“Q. In fact, she [the victim] did talk to you about problems she was having with her boyfriend?
“A. Right.
“Q. And that’s the person we know by the name of Fig?
“A. Right.
“Q. In fact, part of the things that y’all used to talk about would be that Fig was a cocaine dealer ?”
(R. 449.)
It is clear from the record that this was being offered for the truth of the matter
*1283 asserted and was therefore, hearsay. This testimony did not fall within any of the hearsay exceptions and, thus, was properly excluded. See C. Gamble, McElroy’s Alabama Evidence, § 262.01(8)-(10) (3d ed. 1977). Even if the evidence was admissible, it was not relevant to the appellant’s defense. See Jennings v. State, 513 So.2d 91 (Ala.Crim.App.1987); Ballard v. State, 461 So.2d 899 (Ala.Crim.App.1984). See also Hembree v. City of Birmingham, 381 So.2d 664 (Ala.Crim.App.1980) (burden is on the appellant to make it clear to the trial court and this court how testimony would show appellant’s innocence because of self defense).
III.
The appellant next contends that the trial court erred in allowing a pawn shop manager to testify as to what employees normally require for identification when an item is pawned and in not excluding business record entries made by employees of the pawn shop. The record reveals that the business records were properly authenticated by the manager of the pawn shop in accordance with § 12-21-43, Code of Alabama 1975. Thus, the trial court did not err in allowing the testimony and admitting the records into evidence. See, e.g., Hammett v. State, 482 So.2d 1330 (Ala.Cr.App.1985); Williams v. State, 451 So.2d 411 (Ala.Crim.App.1984); Inzer v. State, 447 So.2d 838 (Ala.Crim.App.1983), cert denied, 447 So.2d 850 (Ala.1984).
IV.
The appellant apparently contends that the court erred in accepting the verdict of theft in the first degree because he had been indicted for intentional murder during a robbery. Alabama courts have held numerous times that theft is a lesser included offense of robbery. Ex parte Beverly, 497 So.2d 519 (Ala.1986); Hamilton v. State, 455 So.2d 170 (Ala.Crim.App.1984); Ramsey v. State, 441 So.2d 1065 (Ala.Crim.App.1983). See also Bailey v. State, 466 So.2d 176 (Ala.Crim.App.1985). The record reveals sufficient facts to support the conviction for first degree theft.
The record also reveals not only that the appellant failed to object to the court’s jury charge on first degree theft, but that the appellant also requested that the jury be charged on theft in the second and third degrees and referred to such offenses as lesser included offenses. Section 12-16-13, Code of Alabama 1975, as amended.
For the reasons set out above, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in the result with opinion.

. The appellant was sentenced to life imprisonment for murder, and 30 years for theft of property in the first degree. These were to run consecutively.

. We note for the record that Mr. Pool testified that he had not yet been retained as the appellant’s attorney when he went to the police station.