PATTERSON, Presiding Judge.
Appellant, Dora Banks, was convicted for robbery in the second degree, Ala.Code 1975, § 13A-8-42, and was sentenced as a habitual offender to 25 years’ imprisonment. She contends on appeal that the state failed “to prove a prima facie case because the stolen merchandise had been recovered before any force or violence was used.”
The state’s evidence showed that appellant and her daughter were observed by security personnel acting in a suspicious manner in the ladies’ department of the Sears store in Decatur. Appellant was observed placing five bras in her purse and her daughter was observed placing two bras in her purse. After placing the bras in their respective purses, they left the store without paying for the items. They were accosted immediately after leaving the store by a security officer and were asked to return to the store office. They immediately reentered the store, but instead of going to the office, walked rapidly in different directions. Appellant was observed taking the five bras from her purse and throwing them in a freezer. The daughter was observed taking the two bras from her purse and throwing them in a *1245 basket. The bras were recovered by the store personnel. After ridding themselves of the bras, appellant and her daughter attempted to leave the store. The security officer asked them not to leave, and the front door of the store was locked in an effort to prevent them from leaving. Being unable to leave the store, appellant and her daughter turned on the security officer and attacked him. Appellant struck the officer several times about his head and face with her fists, kicked him in the groin, and tore his clothing. He suffered numerous bruises and scratches. Appellant also struck one female store employee who came to the security officer’s aid, cutting her nose. Police broke up the disturbance, and arrested appellant and her daughter.
Appellant states that she picked up the property in the store, took it outside, voluntarily brought it back inside, abandoned it, and attempted to leave the store before the confrontation involving violence occurred. She argues that to be guilty of the offense charged it must be shown that force was used to compel acquiescence to the taking of or escaping with the property. She further argues that the theft had ceased or terminated at the time of the confrontation.
Section 13A-8-42, Code of Alabama 1975, defines robbery in the second degree, as follows:
“(a) A person commits the crime of robbery in the second degree if he violates section 13A-8-43 and he is aided by another person actually present.” Section 13A-8-43, states, as follows:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner [or] any person present with intent to compel acquiescence to the taking of or escaping with the property.”
The undisputed evidence of the case, sub judice, shows that appellant neither used nor threatened the use of force against the person of the security officer or other store employees with the intent to compel acquiescence to the taking of or escaping with the property. It is reasonable to conclude from the evidence that the force was resorted to by appellant not to compel acquiescence in the taking of the property, a requirement for a conviction of robbery, but to escape for the purpose of avoiding arrest and prosecution for the attempted theft.
We have previously held that the use of force to merely effect an escape, after the property taken has been abandoned, does not supply the element of force necessary to make the taking a robbery. Ex parte Sapp, 497 So.2d 550 (Ala.1986); Casher v. State, 469 So.2d 679 (Ala.Cr.App.1985); Harris v. State, 451 So.2d 406 (Ala.Cr.App.1984). See also Gordon v. State, 552 So.2d 901 (Ala.Cr.App.1989).
Because the state failed to prove an essential element of robbery in the second degree — namely, the force or threat that must have been used in the course of committing the theft — the conviction cannot stand, and the case is due to be reversed and remanded.
In view of our reversal of this case for the reasons stated, it is unnecessary to address the remaining issue raised by appellant.
REVERSED AND REMANDED.
All Judges concur.