Walter Eugene Roberts seeks a writ of mandamus directing the Morgan County Circuit Court not to retry the criminal case against him, but to accept his plea of double jeopardy.
Roberts was convicted of trafficking in cannabis, based on his possession of more than 2.2 pounds, in violation of §13A-12-231, Ala. Code 1975. The State's expert toxicologist testified at Roberts's trial that the marijuana weighed 9.8 pounds. However, on cross-examination, the expert testified that she did not determine whether the marijuana weighed consisted of seeds and stalks. The *Page 231 
jury was not charged on any lesser included offenses. The Court of Criminal Appeals reversed the conviction, holding that the State had failed to prove a prima facie case. Roberts v. State,612 So.2d 1312 (Ala.Cr.App. 1992).
The trial court scheduled a retrial on the trafficking charge. Roberts filed a petition for a writ of mandamus with the Court of Criminal Appeals. That court denied the petition, without opinion, 662 So.2d 303. Roberts has now filed a mandamus petition with this Court. See Rule 21(e), Ala.R.App.P.
Roberts argues that the writ of mandamus should be available to compel the circuit court to accept a double jeopardy plea and to bar a retrial after the first conviction is reversed for the State's failure to prove a prima facie case.
A writ of mandamus is a drastic and extraordinary remedy. It requires a showing 1) that the petitioner has a clear legal right to the order sought; 2) that the respondent has an imperative duty to perform and has refused to do so; 3) that there is no other adequate remedy; and 4) that the jurisdiction of the court is properly invoked. Ex parte Johnson,638 So.2d 772 (Ala. 1994).
In Ex parte Spears, 621 So.2d 1255 (Ala. 1993), this Court held that the defendant was not entitled to mandamus review of his double jeopardy claims, even though an erroneous ruling by the trial court could result in an expensive and unnecessary trial. "Mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment." Spears, 621 So.2d at 1258.
We conclude that Roberts's rights cannot adequately be protected by appellate review of a final judgment and should be protected by a writ of mandamus. We note that this case is factually distinguishable from Spears. Spears's first trial resulted in a mistrial shortly after the trial began. Additionally, a review of Spears's double jeopardy claims would have required a determination of whether the prosecutor intentionally provoked a mistrial when he violated a gag order preventing him from discussing the case with the press. Roberts, however, based on the constitutional protection against double jeopardy, claims a clear legal right not to be retried on the same charge following a reversal of his first conviction for the State's failure to prove the offense charged; to review his claim would not require any factual determination such as would have been required in Spears.
The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause generally protects a person from being convicted twice for the same crime. The United States Supreme Court has long recognized that the Double Jeopardy Clause protects a person not only from being subjected to double punishments, but also from being put to trial twice for the same offense. Abney v. United States, 431 U.S. 651, 660-61,97 S.Ct. 2034, 2040-41, 52 L.Ed.2d 651 (1977).
In Abney, the defendants filed a motion to dismiss an indictment they claimed violated the Double Jeopardy Clause. The Supreme Court held that the motion to dismiss was immediately appealable — the defendants did not have to wait for a review after a second trial. The Court held that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence," and that "the guarantee against double jeopardyassures an individual that, among other things, he will not beforced, with certain exceptions, to endure the personal strain,public embarrassment, and expense of a criminal trial more thanonce for the same offense." 431 U.S. at 660, 661,97 S.Ct. at 2040-41, 2041 (emphasis added).
Roberts's conviction for trafficking in cannabis was reversed because of the State's failure to prove all the elements of the crime. We strongly disagree with the State's characterization of the reversal as being based on a *Page 232 
mere "technicality." The legislature has clearly stated its intention that in proving a trafficking charge by proof that a defendant was in possession of 2.2 pounds of marijuana, neither the "matured stalks of the plant" nor the "sterilized seed of the plant which is incapable of germination" shall be included when weighing the marijuana. § 20-2-2(15); see also, Ex partePresley, 587 So.2d 1022 (Ala. 1991).
It is a fundamental concept of criminal law that the State must prove all the elements of the offense charged against the defendant. When the State fails to present sufficient proof of all the elements, a conviction must be reversed and a judgment for the defendant must be rendered, under the principles ofBurks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978). "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks, 437 U.S. at 11, 98 S.Ct. at 2147.
Burks distinguished between a reversal based on insufficient evidence and one based on errors in the trial proceedings. The Double Jeopardy Clause does not preclude the State's retrying a defendant whose conviction is set aside because of an error in the proceedings. Roberts's conviction was set aside because the State presented insufficient evidence. Thus, the Double Jeopardy Clause bars a retrial on the trafficking charge.
The State is also barred from retrying Roberts on any lesser included offense. In Ex parte Beverly, 497 So.2d 519, 524-25
(Ala. 1986), this Court held that where a defendant's conviction on the charged offense is reversed because of insufficient evidence and in the trial the jury had not been charged on a lesser included offense, the defendant may not be retried on a lesser included offense. It is undisputed that Roberts's jury was not charged on any lesser included offenses.
It is well established that if an appellate court holds the evidence insufficient to support a jury's guilty verdict on a greater offense, but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment on that lesser included offense, provided that the jury was charged on the lesser included offense. See, for example, Ex parte Edwards, 452 So.2d 508 (Ala. 1984), in which this Court held that the double jeopardy principles were not violated in the case of a defendant who, having been convicted of capital murder by a jury that had been given instructions on the lesser included offense of manslaughter, secured a reversal of the capital murder conviction because of insufficient evidence, but was then sentenced for the lesser offense of manslaughter. In this present case, however, Roberts's jury was not instructed on any lesser offenses.
Accordingly, we must conclude that Roberts is entitled to a writ of mandamus directing the circuit judge not to retry him on the trafficking charge or for any lesser included offenses.
WRIT GRANTED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, INGRAM, and COOK, JJ., concur.
MADDOX, J., concurs in part and dissents in part.