854 So.2d 153 (2002)
Jamie FRANKLIN
v.
STATE.
CR-01-0812.
Court of Criminal Appeals of Alabama.
September 27, 2002.
Opinion on Return to Remand January 7, 2003.
Vader Al Pennington, Mobile, for appellant.
William H. Pryor, Jr., atty. gen., and Elizabeth Ray Butler, asst. atty. gen., for appellee.
PATTERSON, Retired Appellate Judge.
The appellant, Jamie Franklin, was indicted on January 19, 2001, by the Mobile County grand jury for the offense of third-degree robbery, a violation of § 13A-8-43(a)(2), Ala.Code 1975. After a jury found her guilty of the offense charged in the indictment, she was sentenced to 10 years' imprisonment; however, the sentence was split, and the appellant was ordered to serve 2 years in a jail-like facility and the balance of the sentence was suspended on the condition of her good behavior while serving on probation for five years. Upon successful completion of the *154 probationary period, the suspension would become permanent. The appellant was also ordered to pay $50 to the Alabama Crime Victims Compensation Fund and court costs.
The appellant contends on appeal that the State failed to prove a prima facie case of third-degree robbery under § 13A-8-43(a)(2) because, she argues, she had abandoned the stolen merchandise and the owner had recovered it before any threat of imminent use of force was made against a security guard present. This issue was preserved for appellate review by a motion for a judgment of acquittal made at the conclusion of the State's case-in-chief. In support of her contention, the appellant relies on our holdings in Banks v. State, 575 So.2d 1244 (Ala.Crim.App.1991); Casher v. State, 469 So.2d 679 (Ala.Crim.App. 1985); and Harris v. State, 451 So.2d 406 (Ala.Crim.App.1984).
The State's evidence showed that, on December 6, 1999, personnel at a J.C. Penney department store in Mobile observed the appellant, her sister, and a female friend on the second floor of the store acting suspiciously. Donald Mroczko, a security officer in Penney's loss-prevention department, was notified, and he began observing the three females through a two-way mirror in a viewing booth. He observed the appellant take several items of clothing from clothes racks and put them in her bag. When she and her companions headed for the escalator, he followed them. At the foot of the escalator, the appellant went toward the store exit while her companions went in another direction. Mroczko followed the appellant as she walked past the check-out counters and, as she neared the exit, he witnessed her dropping her bag in the men's department. After picking up the bag, which contained the stolen merchandise later determined to be valued at $202, he stopped her outside the store. He asked her to return to the store to discuss a matter with him. She first seemed cooperative and reentered the store with him, but once inside, she tried to flee; he dropped her bag and grabbed her. They fell to the floor, and she bit his arm. It took several people considerable time to subdue her and pry his arm from her mouth. During the altercation, she told him and the others assisting him that she had AIDS and that, now, they had it too.
The appellant argues that, for her to have properly been found guilty of third-degree robbery under § 13A-8-43(a)(2), the State was required to show that she threatened the imminent use of force with intent to compel acquiescence to the taking of, or escaping with, the property. She further argues that the altercation took place well after she had abandoned the property and it had been recovered; that, thus, the State failed to prove that a robbery had occurred; and that, accordingly, her robbery conviction should not stand.
Section 13A-8-43(a)(2), under which the appellant was indicted, defines one alternative of third-degree robbery as follows: "A person commits the crime of robbery in the third degree if in the course of committing a theft [she t]hreatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." Section 13A-8-2(1) defines "theft of property," in pertinent part, as follows: "A person commits the crime of theft of property if he ... [k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property." The phrase "in the course of committing a theft" is defined by § 13A-8-40(b) as "embrac[ing] acts which occur in an attempt to commit or [in] the commission *155 of theft, or in immediate flight after the attempt or commission."
The State's evidence clearly shows that the appellant neither threatened the use of force nor used force against the J.C. Penney security officer, Mroczko, or any other store employee with the intent to compel acquiescence to the taking of, or escaping with, the property. It is obvious from the State's evidence that the appellant threatened the imminent use of force and even resorted to force, not with the intent to compel acquiescence in the taking of, or escaping with, the propertya necessary element to be proven for a robbery convictionbut with the intent to effect an escape to avoid arrest and prosecution for her theft or attempted theft. The threat of force and the use of force by the appellant occurred after she had abandoned the property and the security guard had recovered it.
The rule in Alabama is that the use of force or the threat of imminent use of force to merely effect an escape, after the property taken has been abandoned, does not supply the element of use of force or the threat of the imminent use of force necessary to make the taking a robbery. See Ex parte Sapp, 497 So.2d 550 (Ala. 1986); Banks v. State; Casher v. State; Harris v. State.
Because the State failed to prove an essential element of the charge of third-degree robbery under § 13A-8-43(a)(2), i.e., the threat of imminent use of force that must have been used in the course of committing the theft, the appellant's robbery conviction cannot stand. Although the State failed to prove an essential element of robbery, it clearly proved each and every element of theft of property (which embraces attempted theft[1]), a lesser-included offense of robbery, the crime charged. See Ramsey v. State, 441 So.2d 1065 (Ala.Crim.App.1983); § 13A-1-9(a)(2).
"It is well established that if an appellate court holds the evidence insufficient to support a jury's guilty verdict on a greater offense, but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment on that lesser included offense, provided that the jury was charged on the lesser included offense."
Ex parte Roberts, 662 So.2d 229, 232 (Ala. 1995). Accord Ex parte Edwards, 452 So.2d 508 (Ala.1984). See, e.g., J.F.C. v. City of Daphne, 844 So.2d 608 (Ala.Crim. App.2002).
The instant case presents a clear factual situation to which the doctrine expressed and approved in Edwards v. State, 452 So.2d 506 (Ala.Crim.App.1983), aff'd, 452 So.2d 508 (Ala.1984), and restated in Ex parte Roberts, supra, may be applied. See also Borden v. State, 523 So.2d 508 (Ala. Crim.App.1987); Pack v. State, 461 So.2d 910 (Ala.Crim.App.1984). (The attorney general states in his brief to this court that, if we should find the State's evidence insufficient to support a third-degree robbery conviction, we should follow the Edwards procedure.) The trial court correctly instructed the jury, at the appellant's request, on the lesser-included offense of third-degree theft of property. In addition to instructing the jury on the definition of theft of property, as set out in § 13A-8-2, it instructed, in accordance with § 13A-8-5, that theft of property that does not exceed $250 in value and that is not taken from the person of another constitutes third-degree theft of property.
*156 For the foregoing reasons, we vacate the judgment of the trial court and remand this case with instructions that, in the presence of the appellant and her counsel, the trial court enter a judgment of guilty on the charge of third-degree theft of property and sentence the appellant accordingly. The trial court is also instructed to prepare a return showing such judgment and sentence and to file same with this court within 42 days of the date of this opinion.
The appellant raises two additional issues in her brief to this court: "Did the trial court err in charging on flight?" and "Did the trial court err in failing to charge on the right to resist an unlawful arrest?" (Appellant's brief, p. vi.) We decline to address these issues because they were not briefed and argued in accordance with Rule 28, A.R.App. P., nor were they preserved for appellate review.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

On Return to Remand
PATTERSON, Retired Appellate Judge.
The appellant, Jamie Franklin, was convicted of the offense of third-degree robbery, see § 13A-8-43(a)(2), Ala.Code 1975, and was sentenced to 10 years' imprisonment. Her sentence was split, and she was ordered to serve two years in a jail-like facility to be followed by five years' probation. The balance of her sentence was suspended on the condition of her good behavior while on probation. On appeal, this court held that the State's evidence failed to prove an essential element of the charge of third-degree robbery, i.e., the threat of the imminent use of force with intent to compel acquiescence to the taking of, or escaping with, the property. Franklin v. State, 854 So.2d 153 (Ala.Crim. App.2002). We also held that, although the State failed to prove an essential element of robbery, it clearly proved each and every element of theft of property in the third degree (which embraces attempted theft), a lesser-included offense of robbery. §§ 13A-8-2 and -5. Following the procedure approved in Edwards v. State, 452 So.2d 506 (Ala.Crim.App.1983), aff'd, 452 So.2d 508 (Ala.1984), and restated in Ex parte Roberts, 662 So.2d 229 (Ala.1995), we vacated the judgment of the trial court and remanded the case with instructions that the trial court enter a judgment of guilty on the charge of third-degree theft of property, a Class A misdemeanor, and sentence the appellant accordingly.
On October 29, 2002, the trial court, in accordance with the instructions of this court, adjudged the appellant guilty of third-degree theft of property. It sentenced her to one year in the Mobile County Metro Jail, suspended that sentence to time already served, ordered her to serve two years' probation, see § 15-22-54(a), and ordered her to pay $25 to the Alabama Crime Victims Compensation Fund and to pay the costs of court.
The return to remand has been filed, and the record reflects that the trial court has fully complied with our instructions. The judgment and the sentence of the trial court are affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
*157 McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[1] An attempt is defined, by § 13A-4-2(a), Ala. Code 1975, as follows: "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."